IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURA WARD, as Personal
Representative of Valerie Ward,
deceased,

                Plaintiff,
  vs.                                                            CIVIL NO. 99-98 LFG/DJS

PRESBYTERIAN HEALTHCARE SERVICES,
d/b/a Presbyterian Salud, d/b/a Presbyterian Kaseman
Hospital; BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO, d/b/a University of New Mexico
Mental Health Center; and FHC OPTIONS, INC.,
a foreign corporation,

                Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING BOARD OF REGENTS' MOTION TO DISMISS
## PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES,
## PREJUDGMENT INTEREST AND DAMAGES FOR LOSS OF CONSORTIUM

THIS MATTER is before the Court on Defendant The Board of Regents of the University of New Mexico's Motion to Dismiss Plaintiff's Claims for Punitive Damages, Prejudgment Interest, and Damages for Loss of Consortium [Doc. 24]. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

Board of Regents of the University of New Mexico ("UNM") seeks dismissal of Laura Ward's ("Ward") claims for punitive damages, prejudgment interest and loss of consortium.

**Background**

Ward is the Personal Representative of decedent Valerie Ward. In this lawsuit, Ward contends that, on July 16, 1998, she took her daughter to the UNM Family Practice Clinic, and after evaluating Valerie, a UNM employed family practice physician called the UNM Mental Health Center and requested that Valerie be admitted for treatment. Ward claims that UNM refused to provide treatment and delayed a medical screening examination while it inquired about Valerie's insurance status and ability to pay. Ward claims that Valerie left the UNM Mental Health Center and committed suicide.

Ward advances several claims against UNM. First, she contends that UNM violated provisions of 42 U.S.C. § 1395dd, the Emergency Medical Treatment and Active Labor Act ("EMTALA"), together with corresponding regulations found at 42 C.F.R. 489.24. Ward contends that violations of EMTALA constitute negligence and negligence per se. Further, Ward contends that UNM's employees refused to provide treatment and screening to Valerie Ward on July 16, and that UNM Regents failed to provide its employees with adequate supervision and training to respond to Valerie Ward's need for evaluation and treatment. As a result of this claimed negligence, Ward contends that her daughter died. In Count Nine of the complaint, Ward alleges a violation of Valerie Ward's civil rights and contends that UNM's conduct "constitutes state action for purposes of 42 U.S.C. § 1983." Ward also seeks to bring a common law tort against Defendant UNM for the alleged negligent infliction of emotional distress.

**Ward's Section 1983 Claim**

In Watson v. University of Utah Medical School, 75 F.3d 569 (10th Cir. 1996), the Tenth Circuit addressed a claim of immunity for liability under the Eleventh Amendment made by the

2

University of Utah Medical School. The court's analysis is instructive and applicable to this action:

> The Eleventh Amendment bars a suit for damages against a state in federal court, absent a waiver of immunity by the state. Congress did not abrogate state Eleventh Amendment immunity when it enacted § 1983; however, that immunity extends only to the states and governmental entities that are "arms of the state." The arm-of-the-state doctrine bestows immunity on entities created by state governments that operate as alter egos or instrumentalities of the states.

75 F.3d at 574 (citations omitted).

Our circuit court observed that most circuits have reached the same conclusion. See Mascheroni v. Board of Regents of Univ. of Cal., 28 F.3d 1554, 1559 (10th Cir. 1994); Seibert v. State of Okla, 867 F.2d 591, 594 (10th Cir. 1989); Prebble v. Brodrick, 535 F.2d 605, 610 (10th Cir. 1976); Brennan v. University of Kan., 451 F.2d 1287, 1290 (10th Cir. 1971). The University of New Mexico School of Medicine is no exception. For example, in Buchwald v. University of New Mexico School of Medicine, 159 F.3d 487, 493 n. 3 (10th Cir. 1998), the court affirmed that the institutional defendants were arms of the state for Eleventh Amendment purposes.

Thus, Ward's claims against UNM under Section 1983 are simply not cognizable at law. Even if they were cognizable, punitive damages could not be assessed against a governmental entity. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748 (1981).

Punitive damages are not meant to compensate a victim, but, rather, to punish the wrongdoer. For that reason, an award of punitive damages against a governmental entity would only punish taxpayers who took no part in the act or omission giving rise to the cause of action. Thus, an award of punitive damages against the State is, in effect, a punishment visited upon innocent taxpayers. Moreover, since punitive damages are not meant to compensate an injured plaintiff, an award of

3

punitive damages results in an unwarranted windfall to a fully compensated plaintiff. City of Newport v. Fact Concerts, Inc.

For these reasons, Ward may not proceed on her punitive damage claim against UNM.

**Punitive Damages Under the Tort Claims Act**

In 1975, the New Mexico Supreme Court abolished the common law doctrine of sovereign immunity. Hicks v. State, 88 N.M. 588, 544 P.2d 1153 (1975). The state legislature subsequently responded by enacting the New Mexico Tort Claims Act. § 41-4-1 *et seq.* The Tort Claims Act states that, "[g]overnmental entities and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by §§ 41-4-5 through 41-4-12 NMSA 1978." New Mexico Statutes Annotated, § 41-4-4. Moreover, the state legislature declared it "the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act [41-4-1 to 41-4-27 NMSA 1978] and in accordance with the principles established in that Act." NMSA 1978 § 41-4-2(A). With the adoption of the Tort Claims Act, claims against state governmental entities and public employees can only be brought within the strict confines of the Tort Claims Act. In reference to damages, the Act specifically provides:

> No judgment against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act shall include an award for exemplary or punitive damages or for interest prior to judgment.

Thus, under New Mexico's substantive law, Ward can only bring an action against the governmental entity or public employee in accord with the Act's restrictions. The Act prohibits punitive damages and prejudgment interest. Thus, Ward simply may not recover punitive damages

or prejudgment interest. Therefore, UNM's motion to dismiss both the punitive damage claims and prejudgment interest must be granted.

## **Loss of Consortium**

UNM also seeks dismissal of Ward's claim for loss of consortium. As indicated above, following the abolishment of sovereign immunity, the New Mexico legislature responded by enacting the Tort Claims Act, which reinstated governmental immunity except in eight specific classes of activities. <u>Firemen's Fund Insurance Company v. Tucker</u>, 95 NM 56, 618 P.2d 894 (Ct. App. 1980). In addition to declaring the States's public policy that governmental entities and public employees are only liable within the limitations of the Tort Claims Act, the New Mexico state legislature announced in Section 41-4-4 that governmental entities and public employees, while acting within the scope of their duties, shall be immune from liability from any tort except as waived by the Act. <u>Tompkins v. Carlsbad Irrigation District</u>, 96 NM 368, 630 P.2d 767 (Ct. App. 1981).

In construing the Tort Claims Act, New Mexico's appellate courts concluded that a cause of action does not exist unless immunity for that cause of action has been specifically waived. In <u>Begay v. State</u>, 104 NM 483, 486, 723 P.2d 252, 255 (Ct. App. 1985), *rev'd on other grounds*; <u>Smialek v. Begay</u>, 104 NM 375, 721 P.2d 1306 (1986), *cert. denied*, 479 U.S. 1020 (1980), the court stated:

> The public policy declaration of Section 41-4-2, and the immunities proviso of Section 41-4-4, taken together, require that plaintiff's cause of action must fit within one of the exceptions to the immunity granted to governmental entities and public employees. If immunity has been waived, the particular agency that caused the harm may be held liable for the negligent act or omission of the public employee.

Thus, under the New Mexico Tort Claims Act, the Court must first determine whether immunity has been waived for the claims against the governmental entities and public employees

acting within the scope of their employment. Consent to be sued under the Tort Claims Act must be specifically found within one of the exceptions under the Act. Redding v. City of Truth or Consequences, 102 NM 226, 693 P.2d 594 (Ct. App. 1984). Because a plaintiff's right to recover is limited to the conditions prescribed in the Act, if the specific tort is not found in the Tort Claims Act, or if immunity has not been waived, the cause of action may not proceed. Methola v. Eddy County, 95 NM 329, 622 P.2d 234 (1980). A review of the Tort Claims Act shows that there is no specific waiver for Ward's claim for loss of consortium. In the absence of the state legislature recognizing this claim as actionable under the Tort Claims Act, Ward may not prosecute a claim for loss of consortium against a governmental entity or public employee. When the statute does not waive immunity for the particular cause of action, the cause of action may not proceed. See Blea v. City of Espanola, 117 NM 217, 870 P.2d 755 (Ct. App. 1994), *cert. denied*, 117 NM 328, 871 P.2d 984 (1994).

Under this analysis UNM's motion must be granted.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Guy Dicharry, Esq.

ATTORNEY FOR PRESBYTERIAN:
Andrew G. Schultz, Esq.

ATTORNEYS FOR BOARD OF REGENTS:
W. Ann Maggiore, Esq.
Ned S. Fuller, Esq.
James S. Bromberg, Esq.

ATTORNEYS FOR FHC:
Gary L. Gordon, Esq.
Ruth M. Fuess, Esq.