IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURA WARD, as Personal Representative
of Valerie Ward, deceased,

        Plaintiff,
vs.                                                                                                               CIVIL NO. 99-98 LFG/DJS

PRESBYTERIAN HEALTHCARE SERVICES,
d/b/a Presbyterian Salud, d/b/a Presbyterian Kaseman
Hospital; BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO, d/b/a University of New Mexico
Mental Health Center; FHC OPTIONS, INC., a foreign
corporation; and ROBERT KELLOGG,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Presbyterian Healthcare Services' and Presbyterian Health Plan's Motion to Dismiss Civil Rights Claims For Failure to State a Claim Upon Which Relief Can Be Granted [Doc. 50]. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed. Oral argument is not necessary.

### Background

Laura Ward ("Laura") is the Personal Representative of her deceased daughter, Valerie Ward ("Valerie"). Laura presses several claims and causes of action against the various defendants in her First Amended Complaint filed February 12, 1999. Laura seeks to recover damages for violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, professional negligence, breach of contract and for violations of Valerie civil rights, pursuant to 42 U.S.C. § 1983.

# General Statement of Facts[1]

On July 16, 1998, Laura took her daughter Valerie to UNM Family Health Center in Albuquerque, New Mexico. There, Valerie was evaluated by Dr. Ivan Pinon. Under Valerie's health insurance policy, psychiatric or mental health care was provided only at Presbyterian Kaseman Hospital ("PKH") and her policy of insurance required that she first seek an evaluation from PKH. Dr. Pinon referred Valerie to PKH for an evaluation and hospitalization. He attempted to have her admitted to PKH, but was informed that no beds were available. Dr. Pinon then called UNM Mental Health Center ("UNMMHC") in an attempt to have her admitted there. Dr. Pinon was informed that Valerie's insurance program was inappropriate for payment at UNMMHC and she could not be admitted there. Dr. Pinon then instructed Laura to take Valerie to PKH's Mental Health Unit for an evaluation.

At the PKH Mental Health Unit, Laura informed hospital employees of the nature of her daughter's problems and said that the problems were the reasons they were at the Mental Health Unit. Laura requested that her daughter be admitted. Laura was informed that PKH had no space available and was told she should take Valerie to UNMMHC. No screening or evaluation was conducted by PKH.

Upon arriving at UNMMHC in the afternoon of July 16, 1998, Valerie was instructed to sign in, have a seat, and wait to be seen. While waiting, she was informed that UNMMHC had called PKH to obtain authorization for admission and that UNMMHC was awaiting a return call. Laura and Valerie were eventually called into an office where an employee interviewed Valerie and informed

---

[1] This Statement of Facts, accepted as true under Fed. R. Civ. P. 12(b)(6) is drawn from Plaintiff's complaint. Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488 (10th Cir. 1995).

Laura and Valerie that UNMMHC was still awaiting a return call from PKH regarding insurance coverage. At some point, due to Valerie's agitation, the employee suggested that she "go outside and have a smoke."

Between 4:00 and 4:30 p.m., Laura realized that Valerie was no longer in the area, and she began a search. Valerie had left UNMMHC, walked to a nearby building, and at some time between 4:45 p.m. and 5:00, jumped from the fifth floor, killing herself.

### **Allegations Against Presbyterian Salud**

While the foregoing allegations outline Laura's claims against all Defendants, her specific allegations against Presbyterian Salud are few. Indeed, in her response to the motion to dismiss, she relies only on four paragraphs of her First Amended Complaint to assert liability against Presbyterian Salud.

1. Laura contends that Presbyterian Salud was paid by the State of New Mexico to provide covered services to Valerie as a Medicaid beneficiary under the Presbyterian Salud plan. (First Amended Complaint, ¶ 93).

2. Laura contends that the State of New Mexico is a participant in the Medicaid program and has assumed the duties of a participant in the program. (First Amended Complaint, ¶ 95).

3. Laura states that Presbyterian Salud assumed the obligations of the State of New Mexico to provide covered services to Valerie Ward on July 16, 1998. (First Amended Complaint, ¶ 96).

4. Laura concludes that conduct of Defendant Presbyterian Salud constitute[s] action under color of state law and state action for the purposes of 42 U.S.C. § 1983. (First Amended Complaint, ¶ 98).

**Present Motion**

Two Defendants, Presbyterian Healthcare Services ("PHS") and Presbyterian Health Plan ("Presbyterian Salud"), seek dismissal of Laura's 42 U.S.C. § 1983 claim. In Laura's response to the motion, she states that her civil rights claim was not intended to include PHS. Thus, to the extent that Laura's First Amended Complaint may be read as stating a claim against PHS for violation of Valerie's civil rights, that claim is dismissed. Thus, the remaining issue before the Court is whether Laura sufficiently stated a cause of action against Presbyterian Salud for violation of Valerie's civil rights pursuant to 42 U.S.C § 1983.

In reviewing a motion to dismiss, the Court must "accept all well-pleaded allegations as true," Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488, 1496 (10th Cir. 1995), and "indulge all reasonable inferences in favor of the plaintiff." Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1228 (10th Cir. 1987). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974), *overruled on other grounds*, Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727 (1982). It is with these standards in mind that the Court considers Presbyterian Salud's motion.

**42 U.S.C. § 1983**

Section 1983 authorizes the imposition of liability against "[e]very person" who, acting under the color of state law, violated another's federally protected rights. Martin A. Schwartz and John E. Kirkland Section 1983 Litigation, Section 5.2 (3d Ed. 1997). The Constitution places limits on state action, not action taken by private individuals or entities. Lloyd Corp. Ltd. v. Tanner, 407 U.S. 551, 92 S. Ct. 2219 (1972). Thus, while the federal Constitution provides protection against intrusive

governmental action, it does not protect one against the conduct of private individuals or entities.

It is undisputed that Presbyterian Salud is a private New Mexico corporation. (First Amended Complaint, ¶ 5). As such, it is not amenable to suit under Section 1983. "With a few exceptions . . . constitutional guarantees of individual liberty . . . do not apply to the actions of private entities." Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 619, 111 S. Ct. 2077, 2082 (1991). The exception arises when a private individual or entity is so involved in a governmental function that its conduct is fairly attributable to the state, and the individual or entity is acting under color of state law. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 102 S. Ct. 2744 (1982).

There must be more than some relationship between Presbyterian Salud and the State of New Mexico. Specifically, Presbyterian Salud's actions or omissions must be such that they are fairly attributable to the State of New Mexico itself. Groman v. Township of Manalapan, 47 F.3d 628, 639 (3d Cir. 1995). In order to show that private action is in fact state action, the plaintiff must show that "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S. Ct. 2777, 2785 (1982). This limitation on the scope of Section 1983 claims "avoids imposing on the state, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." Lugar v. Edmonson Oil Co. supra 457 U.S. at 936.

To satisfy her pleading requirements, Laura must demonstrate that Presbyterian Salud acted "under color of any statute, ordinance, regulation, custom or usage, of any state." 42 U.S.C. § 1983; Pino v. Higgs, 75 F.3d 1461 (10th Cir. 1996). It is not enough to make a general conclusion as Laura attempts in ¶ 98 of her complaint. ("The conduct of Presbyterian Salud constitute[s] action under color of state law and state action for purposes of 42 U.S.C. § 1983.") While a court accepts as true

5

well-pled factual allegations, the court is not required to accept the pleader's conclusions. "[T]he pleader must still allege facts, either directly or inferentially, that satisfy each element required for a recovery under some actionable theory." Steven Baicker-McKee et al., Federal Civil Rules Handbook 239 (1999); see also Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996). A court is not required to accept a pleader's bald assertions and legal conclusions. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(commenting that rule's differential standard does not obligate a court to accept a plaintiff's assertions or conclusions. The court is not required "to swallow the plaintiff's invective hook, line, and sinker."); Morse v. Lower Merion Sch. Dist., 132 F.3d 902 (3d Cir. 1997); see also Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995)("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

Here, Laura pleads a legal conclusion in ¶ 98 without pleading the factual underpinnings from which the conclusion can be drawn. Thus, the Court is not required to accept as true the conclusion asserted in ¶ 98 of the complaint.

In the absence of the foregoing conclusion in ¶ 98, Laura's only factual allegations against Presbyterian Salud are found in ¶ 93 ("Presbyterian Salud was paid by the State of New Mexico to provide covered services to Valerie as a Medicaid beneficiary under the Presbyterian Salud Plan"); ¶ 95 ("New Mexico is a participant in the Medicaid program and has assumed the duties of a participant . . ."); and ¶ 96 ("Presbyterian Salud assumed the obligations of the state to provide covered services to Valerie Ward on July 16, 1998").

The foregoing allegations are simply insufficient for the Court to conclude that an actionable 1983 claim has been asserted against Presbyterian Salud. Nowhere does Laura identify any causal

6

connection between any New Mexico statute, regulation, custom or practice that is related to Presbyterian Salud's alleged failure to assess or stabilize Valerie. In other words, Laura has not demonstrated how any provision of New Mexico law caused Valerie's treatment delay and the alleged constitutional deprivations. In Ward v. St. Anthony Hosp., 476 F.2d 671, 675 (10th Cir. 1973), the Tenth Circuit held "[T]he state must be involved not simply in some activity of the institution alleged to have inflicted injury upon a plaintiff but with the activity that caused the injury."

Here, Laura notes that Presbyterian Salud received public funds. This alone does not make a hospital a state actor under the Fourteenth Amendment. Carter v. Norfolk Community Hosp. Ass'n, Inc., 761 F.2d 970 (4th Cir. 1985); Loh-Seng Yo v. Cibola Genl Hosp., 706 F.2d 306 (10th Cir. 1983). Nor does the fact that a state may have some degree of financial oversight suffice. In Blum v. Yaretsky, supra, 457 U.S. at 1004, the Supreme Court stated that the government's regulation of a private actor is insufficient to show federal action. Governmental action exists if there is a symbiotic relationship with a high degree of interdependence between the private and public parties such that they are joint participants in the challenged activity. Burton v. Wilmington Parking Auth,, 365 U.S. 715, 725, 81 S. Ct. 856, 861 (1961). There are indeed instances in the healthcare context where a private physician providing services under a contract with the state has been deemed to be a state actor. See, e.g., West v. Atkins, 487 U.S. 42, 108 S. Ct. 2250 (1988). In the present case, however, Laura failed to plead facts sufficient to demonstrate that Presbyterian Salud is amenable to suit under Section 1983. As such, her civil rights complaint against Presbyterian Salud must be dismissed.

Generally, a dismissal under 12(b)(6) is without prejudice unless a plaintiff can plead no set of facts in support of a claim that would entitle her to relief. Maez v. Mountain States Tel. & Tel.,

Inc., supra. Because there may be facts available that would cure Laura's pleading defect, she will be afforded an option to file a second amended complaint to correctly state a cause of action against Presbyterian Salud. If Laura does not have a factual predicate sufficient under Rule 11 to state a civil rights claim against Presbyterian Salud, then, no amended complaint should be filed. On the other hand, if Laura can demonstrate a factual predicate sufficient to support an actionable civil rights claim, then she is privileged to file a second amended complaint within ten days.

IT IS THEREFORE ORDERED that Presbyterian Salud's motion to dismiss Laura Ward's civil rights claim is granted.

                                                    */s/ Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Guy Dicharry, Esq.

ATTORNEYS FOR PRESBYTERIAN:
Andrew G. Schultz, Esq.
MacDonnell Gordon, Esq.

ATTORNEYS FOR BOARD OF REGENTS:
W. Ann Maggiore, Esq.
James S. Bromberg, Esq.

ATTORNEYS FOR FHC OPTIONS:
Gary L. Gordon, Esq.
Ruth M. Fuess

ATTORNEY FOR KELLOGG:
Kathleen C. Horan, Esq.